The opinion of the court was delivered by
Carpenter, J.
I am of opinion, that the nonsuit ought to be set aside and á new trial granted. The claim of the lessor of the plaintiff rests in the first place upon two deeds of conveyance, from the defendant Manning, in 1835. This claim was resisted upon the ground, that, prior to those conveyances, the title was out of Manning, and vested in the other defendant Dunham by *615 virtue of certain proceedings in insolvency and an assignment; which proceedings and assignment were in 1831. But notwithstanding this assignment and the trust assumed by Dunham for the benefit of the creditors of Manning, the latter still continued in possession of the premises down to the very time of trial, a period of many years. Supposing this assignment and discharge of Manning as an insolvent properly in evidence, yet I am of the opinion that being set up as matter of defence, the judge should not have nonsuited the plaintiff, but it should have gone to the jury to pass upon the existence and fairness of the proceeding.
But besides this, the assignment to Dunham was in trust simply and only for the purpose of converting the property into money, as soon as could conveniently be done; which money, within eighteen months from the date of the assignment, it was his duty to divide pro rata among the creditors of Manning. Elm. Dig. 253, § 9. The possession and occupancy of the property would not seem to be necessary for the purposes of such a trust, and I do not see why, at any period, the assignee should be permitted to defend against the claim of a creditor. But certainly, after a lapse of more than eleven years from the date of the assignment, the matter of insolvency should have been left to the jury with instructions to presume, or at any rate with instructions that they might presume, that Dunham had executed his trust and released the land to Manning.
Tills view of the subject renders it unnecessary to look at that part of the case, which relates to the title of the plaintiff, as derived through the sale founded upon the special scire faoias. But I am of the opinion, that the court below erred, in permitting parol evidence to be offered to impiiach the judgment on the scire facias, by proving the decease of the parties before the suit brought. If admissible however, the court should not have non-suited the plaintiff, but it should have gone to the jury.
Court advised to set aside the nonsuit and grant a new trial.
Justices Eevitts and Randolph did not hear the argument, and expressed no opinion.